BANK OF CLEVER, APPELLANT, v. F. M. COOK ET AL., RESPONDENTS:*

In the Springfield Court of Appeals. Opinion filed February 17, 1930.

*Corpus Juris-Cyc References: Judgments, 34CJ, section 249, p. 93, n. 96; section 883, p. 574, n. 50.

*Moore & Moore* for appellant.

*Rufe Scott* for respondents.

COX, P. J.—This appeal is from the action of the trial court in quashing an execution. It appears that a judgment was rendered in favor of plaintiff against defendants in a justice of the peace court. A supposed copy of this judgment was filed with the clerk of the circuit court of Stone county on March 9, 1925. On February 6, 1928, a few days before the limitation of three years during which the lien of a judgment in a circuit court remains, the plaintiff filed a petition in the circuit court of Stone county to revive the lien of this supposed transcript judgment of the justice which had been filed with the circuit clerk and had been recorded by him. As we view this case, it will not be necessary to review the further proceedings or to pass upon their validity. Suffice it to say that the appellant contends that the proceedings were regular and the lien of this judgment revived and authorized the clerk of the court to issue the execution in question in this case which had been levied on certain land as the property of defendants in the judgment.

The motion to quash the execution was filed by the Berghouse Mercantile Company, J. A. Blades and Minnie Blades, who claimed to have an interest in the property levied upon.

One contention made as to why the execution should be quashed is, that the copy of the judgment of the justice of the peace which was filed with the clerk of the circuit court and recorded by him is not a certified transcript of the justice's judgment such as the statute prescribed and hence the supposed copy of the justice's judgment filed with the clerk was never a lien on any land and could not be revived, and could be collaterally attacked. The statute, section 2859, Revised Statutes 1919, provides that a certified transcript of a judgment of the justice of the peace may be filed with the clerk of the circuit court of the county in which the judgment was rendered and shall be recorded in a book kept for that purpose by the clerk. Section 2851 provides that from the time such transcript of the judgment shall be filed with the circuit clerk, it shall have the same lien

on real estate of the defendant in the county as is given to judgments of circuit courts.

The provision for filing transcripts of judgment by justices of the peace with the circuit clerk and giving to such judgments the same force and effect as to liens on real estate as is given to judgments of the circuit court is purely a statutory provision. Without the statute a judgment of the justice of the peace could not under any circumstances, become a lien on real estate. This being purely a statutory proceeding, it is familiar law that to give it force and effect, the statute must be substantially complied with. The only provision of the statute for filing a copy of a justice's judgment with the circuit clerk is for filing a certified transcript of such judgment. If the transcript or copy of the judgment is not certified to as being a correct transcript of the judgment by the justice or officer legally in charge of the docket of the justice who renders the judgment, then there is no authority granted by the statute to file it, and if filed, creates no lien and is of no effect whatever. That being true, the judgment of revival was void and did not authorize an execution to be issued and the execution issued in this case was a nullity and was therefore properly quashed.

The judgment will be affirmed.

*Bailey* and *Smith, JJ.,* concur.